**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**Albert Samman,**
**Plaintiff**  02 Civ. 5073 (SCR)

v.  MEMORANDUM DECISION
 AND ORDER
**Joan Conyers,**
**Home Depot,**
**Husqvarna,**
**Defendants**

---

### I. Background

Albert Samman ("Plaintiff") filed his initial complaint in this action in the Supreme Court of the State of New York, County of Bronx, in May 2002. The action was removed to federal court in July 2002, and the Plaintiff filed an amended complaint in March 2003. Home Depot, Joan Conyers and Husqvarna ("Defendants") are currently named in this action.

In June 2004, Plaintiff's counsel withdrew and, since that time, Plaintiff has requested, and received, repeated extensions of time to obtain new counsel. At several pre-trial conferences, Plaintiff appeared in court, by himself, claiming that he had found an attorney who had agreed to represent him, when in fact no attorney had in fact made any commitment to take Plaintiff's case. Nevertheless, Plaintiff was granted repeated extensions of time to find counsel.

Since March 2003, Plaintiff has failed to advance his case in any way. There has been no meaningful discovery and no depositions have been taken. Plaintiff has also failed to cooperate with Defendants' attempts to take his own deposition. On December 3, 2004, Plaintiff was ordered to make himself available for a deposition by December 31, 2004, and explicitly warned that a failure to comply with that order would result in the dismissal of his case, with prejudice, for lack of prosecution.

Soon thereafter, an attorney sent a letter to the court requesting both additional time to evaluate Plaintiff's case and another extension of Plaintiff's deadline, this time until January 15, 2005, to appear for a deposition. Despite its prior order, the court granted this request. When, shortly thereafter, the attorney declined to take Plaintiff's case, Plaintiff was given, as a courtesy, yet another extension of time until January 31, 2005, to appear for the deposition. Nevertheless, this final deadline passed, and Plaintiff has still failed to appear for a deposition.

Throughout this lengthy process, Defendants have been extremely courteous and patient. They have consented to most, if not all, of the various extensions of time and have appeared, undoubtedly at considerable expense, at all pre-trial conferences. Moreover, Defendants have, at the court's urging, participated in discussions to settle this action, only to have Plaintiff undermine all settlement efforts.

On February 4, 2005, the parties appeared for yet another pre-trial conference. Plaintiff once again requested additional time to find counsel, but Plaintiff's request, made at least seven months after his initial attorney withdrew, was denied. Instead, the court granted Defendants leave to file a motion to dismiss for failure to prosecute. The court made clear at that conference that Plaintiff's response to any such motion was due on or before March 21, 2005 and that no further extensions would be granted under any circumstances.

On February 14, 2005, the Defendants filed their motion, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute. Rather than filing a response as he was previously ordered to do, Plaintiff sent the court another handwritten note requesting an additional extension of time to find an attorney. The court denied this request and, shortly thereafter, the court received yet another letter from a different attorney who was considering representing the Plaintiff and wanted an extension of Plaintiff's deadline to file a response. Citing its prior admonition that no further adjournments would be granted, this final request for an extension was denied. To date, Plaintiff has filed no opposition to Defendants' motion.

**II.     Analysis**

A defendant may move to dismiss any action against it "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court." FED. R. CIV. P. 41(b). Although this court recognizes that "dismissal is a harsh remedy, not to be utilized without a careful weighing of its appropriateness," *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996), it is clearly appropriate in this case.

The Second Circuit considers five factors when reviewing a district court's decision to dismiss for failure to prosecute. The factors are: (1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the judge has adequately assessed the efficacy of lesser sanctions. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999). Generally, no single factor is dispositive. *See id*. at 194.

In applying the first factor—duration—the court must consider (1) whether the failures to prosecute were those of the plaintiff; and (2) whether these failures were of significant duration. *See Spencer v. Doe*, 139 F.3d 107, 113 (2d Cir. 1998). In this case, the failures to prosecute were those of only the Plaintiff. Plaintiff has not only done nothing to advance the discovery process, he has also failed to cooperate with Defendants' efforts to advance the discovery process, which were made despite the fact that the duty to diligently prosecute belongs to the plaintiff, not the defendant. S*ee Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). And these failures were certainly of a significant duration, as the amended complaint was filed in this case more than two years ago, and Plaintiff's original attorney withdrew approximately ten months ago. *See Chira v. Lockheed Aircraft Corp.*, 634 F.2d 664 (2d Cir. 1980) (dismissal proper under Rule 41(b) when plaintiff failed to take any action to move his case to trial during six month period); *Cole v. Edwards*, 2005 U.S. Dist. LEXIS 6408, at *6 (S.D.N.Y.

2005) (finding that a delay of more than five months in responding to Defendant's interrogatories was substantial).

With respect to the second factor, Plaintiff was given notice on multiple occasions that he was under an obligation to prosecute his action *pro se* if he was unable to find counsel and that his continued failure to prosecute his case would result in its dismissal. At a scheduling conference held on August 20, 2004, more than two months after Plaintiff was granted time to find an attorney, Plaintiff was explicitly ordered to proceed *pro se*. During that conference, a scheduling order was entered establishing a discovery deadline of February 15, 2005 and scheduling another pre-trial conference of February 4, 2005. The discovery deadline, like all others, was ignored by the Plaintiff.

Moreover, by order dated December 2, 2004, Plaintiff was explicitly warned that the failure to appear for a deposition would result in dismissal with prejudice for failure to prosecute. Plaintiff's obligation to cooperate was confirmed in subsequent orders that extended the deadline for Plaintiff to appear for a deposition. And, finally, at the February pre-trial conference, Plaintiff was instructed of his deadline to respond to Defendants' motion to dismiss and the potential consequences of his failure to do so. He was also clearly informed that no further extensions would be granted under any circumstances.

Regarding the third factor, it is clear that Defendants would undoubtedly be prejudiced by further delay of these proceedings. First, it is important to note that prejudice to the Defendants from unreasonable delay may be presumed. *See Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1993). But even absent such a presumption, Defendants would be prejudiced here. This case arises from a chain saw accident that occurred at the home of Defendant Conyers in 2001. Very little, if any, of the relevant evidence is documentary in nature. Instead, the relevant evidence includes a chain saw that is now missing and, of course, the recollections of relevant witnesses. Plaintiff's delays have forced Defendants to incur the costs of attending multiple conferences and otherwise litigating a case that has failed to progress and has no end in sight. Even more importantly, they have prevented the Defendants from effectively preparing their defense.

With respect to the fourth factor, this court concludes that, after weighing this court's calendar congestion against the Plaintiff's right to a fair chance to be heard, dismissal of this case is justified. Even though numerous different attorneys have evaluated Plaintiff's case, none has agreed to represent Plaintiff, and Plaintiff has shown no willingness, or capacity, to prosecute this case *pro se*, even with the considerable assistance Plaintiff has received from the court (and from the Defendants) in deference to his status as a *pro se* litigant.

Plaintiff has also shown no inclination to comply with the orders of this court. Even after he was instructed that his time to find an attorney had fully elapsed and that he would receive no extensions to respond to Defendants' motion, Plaintiff nevertheless submitted a request for an extension of time to find an attorney and, after that request was rejected, consented to have another potential attorney send a letter to the court requesting time to consider Plaintiff's case. *See McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (While leniency is generally accorded to pro se litigants, all litigants, including pro ses, have an obligation to comply with court orders). In addition, after the court encouraged both parties to settle and, as a result, Defendants put forth an offer, Plaintiff refused to participate in settlement discussions. This case has

no end in sight and will, as a result, continue to both linger on this court's docket, which currently includes well over four hundred open civil cases, and cloud this court's calendar, which is currently scheduling trials several months in the future.

Finally, this court finds that lesser sanctions, such as those that can be ordered pursuant to Fed. R. Civ. P. 37(c), would be ineffective in motivating Plaintiff to advance this litigation. First, Plaintiff is a *pro se* litigant of apparently modest means and monetary sanctions are unlikely to be effective.[1] Second, numerous extensions of discovery deadlines and explicit warnings that dismissal would result from failure to advance his case, given orally in open court and by written order, have been ineffective in motivating plaintiff to comply with this Court's orders. Further, because Defendants have suffered not just costs of litigation but also prejudice in their ability to prepare for trial, sanctions would provide an inadequate remedy.

This court is, as it should be, "especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a pro se litigant." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). But this pro se Plaintiff, who has not even responded to Defendants' motion to dismiss, has completely failed to comply with his discovery obligations and multiple court orders. There is no indication that he has made any attempt, or will make any attempt, to advance his case in any way and, as such, his failures clearly appear to be willful and indicative of bad faith.

Therefore, the court finds that Plaintiff's repeated refusal to comply with court orders and prolonged refusal to advance his litigation, combined with the resulting prejudice to Defendant, justifies dismissal of Plaintiff's case. *See John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d 1172, 1177 (2d Cir. 1988) (Flagrant disregard of court orders also justifies the imposition of the sanction of dismissal of a pro se action). As such, Defendants' motion to dismiss must be granted.

### III. Conclusion

For the foregoing reasons, Defendants' motion to dismiss for failure to prosecute is GRANTED. Plaintiff's amended complaint, along with any other claims or cross-claims in this case, are hereby dismissed *with prejudice*.

The clerk of the court is directed to CLOSE this case.

It is so ordered.

Dated: White Plains, New York
May 5, 2005

Stephen C. Robinson, U.S.D.J

---

[1] It is worth noting, as an aside, that monetary sanctions may well come close to equaling (or surpassing) Plaintiff's expected return from litigating his case.